UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDUARDO LUIS BELEN VILLANUEVA (A# 221-415-302),

Petitioner,

v.

WARDEN, MESA VERDE DETENTION CENTER,

Respondent.

No. 1:26-cv-03806 TLN SCR

FINDINGS & RECOMMENDATIONS

Respondent has filed a motion to dissolve the "no-transfer" order issued by Chief District Judge Nunley and to dismiss this action. ECF No. 23. In support of the motion, Respondent provides evidence that an immigration judge ("IJ") granted Petitioner's application for voluntary departure on September 23, 2026. ECF No. 23-1.

The undersigned recommends that the motion to lift the no-transfer order be dissolved. If Petitioner wishes to voluntarily depart, and he remains in the custody of Immigration and Customs Enforcement ("ICE"), it may be necessary for ICE to transfer him outside this judicial district in order to facilitate his voluntary departure.

However, the undersigned also recommends that the motion to dismiss be denied. Respondent offers no authorities for its position that the grant of voluntary departure shifted Petitioner's detention to 8 U.S.C. § 1231(a). The IJ did not order Petitioner removed. In fact, his

order states an order of removal "shall become immediately effective" if Petitioner does not depart within 60 days. ECF No. 23-1 at 1 (citing 8 C.F.R. § 1240.26(d)). As there is no removal order, Petitioner remains detained pursuant to 8 U.S.C. § 1226(a) and the Court continues to recommend that he receive a hearing pursuant to 8 C.F.R. § 1003.19(e). See ECF No. 22. The "no-transfer" order will dissolve upon the District Judge's final order resolving the petition.

Accordingly, IT IS HEREBY RECOMMENDED that Respondent's motion to lift the no-transfer order be GRANTED and Respondent's motion to dismiss (ECF No. 23) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE